We're ready for arguments in Massachusetts Department of Revenue v. Shek. Good morning. Céline de la Fouscade Condon, the Massachusetts Department of Revenue. With me is John O'Donnell, also from the Massachusetts Department of Revenue, and may it please the Court. Because the return at issue here is a Massachusetts tax return, the applicable non-bankruptcy law to which the hanging paragraph in 11 U.S.C. 523 refers is Massachusetts tax law, not the Beer Test. The below-course application of the Beer Test was incorrect. The Beer Test was adopted by the U.S. Tax Court because the Internal Revenue Code does not define return. So faced with the question of whether the tempered document was a return, the U.S. Tax Court fashioned this fourth-part test. Massachusetts, unlike the IRS, has a definition of return and has never applied the Beer Test to determine if a document that was filed with the Massachusetts Department of Revenue was a return or not. So prior to 2005, the Bankruptcy Code also failed to define return. So the Bankruptcy Court adopted the Beer Test, one of the first courts to adopt the Beer Test in the context of bankruptcy and in the context of dischargeability, was the Sixth Circuit Court of Appeal in Rehindenlang in 1999. And the Court specifically stated that it did not address the issue of definition of return for dischargeability purposes when a taxpayer seeks to discharge state, municipal, or other tax liability. So the Beer Test has never applied to a Massachusetts tax return, has never applied to a state tax return, to a local tax return, or a municipal tax return. So in 2005, the Bankruptcy Code was amended. With the adoption of the BAP CPA, Congress included a definition of return which is defined as a return that satisfies the requirements of applicable non-bankruptcy law, including applicable filing requirements. So the Appellee and the amicus argue that this definition is a codification of the Beer Test. This is incorrect on two points. So first, as I stated earlier, the Beer Test never applied to a Massachusetts tax return. Second, to say that it's codification of the Beer Test would not solve any problems because prior to 2005, the Circuit Court of Appeals were split as to what the Beer Test meant. On one hand, you had the Fourth, the Sixth, the Seventh, and the Ninth Circuit that found that a return that was filed post-assessment, for instance, was not a return. But then you had the Eighth Court of Appeals in Rick Olson that determined that a return filed any time would be a return. But the return here is a Massachusetts tax return. And the applicable non-bankruptcy law is Massachusetts tax law. And Massachusetts tax law not only defines what a return is by stating that it is a signed declaration of the tax due, if any, properly completed by the taxpayer or representative on a form prescribed by the commissioner and dutified by the commissioner. Then we have statutory provision that provides that a return must be filed by April 15 or by October 15 if there's a proper extension. Well, it seems to me that if your position is correct about the Massachusetts law, then there are going to be 50 different rules that the bankruptcy is going to have to deal with because each of the 50 states can have a different rule. Is that correct? Actually, that's only 15 states who have a definition of returns. The Beer Test has been applied to other states, like in Ray De Frenzy for New York, in Ray Cody for California. Those states do not have a definition of return. The McBride versus the City of Kettering has a really good analysis as to whether the Beer Test apply in that circumstances because the City of Kettering did not have a definition of return. The court looked first at what the local laws were because the local laws did not have a definition of return. Then the court turned to the Beer Test. I think this is an analysis that made sense. But when the applicable non-bankruptcy law has a definition of return, then this law has to apply. But in bankruptcy, you could have issues of property and then you would be looking at the law of the state where the property is located. This happens all the time. Even in Massachusetts law, there are certain returns that can be filed late that are accepted. The issue is not whether a return is a return for tax law. The issue is whether a return is a return for dischargeability purposes. The definition of return in the bankruptcy court— It doesn't make much sense to me that Massachusetts tax laws were thinking about this discharge provision when they passed the Massachusetts tax laws. So your argument about, for purposes of this section, which the hanging paragraph, of course, mentions, just doesn't make any sense. Let me, though, tell you what my problem is. I came into oral argument thinking that you're going to clearly lose, and the analysis is along this line. And I want to give you an opportunity to tell me why I'm wrong. It seems to me, in 2005, when Congress passed this hanging paragraph, they left the provision in the— I call it little too high. You know what I mean by little too high. And little too high clearly provides that a return which is late can be entitled to a discharge if the bankruptcy waits two years and so forth. Therefore, if your position and the Fahy majority position is correct, there's simply a conflict in 523 little too high and the hanging paragraph. It's easy to me— and this is my question to you. Tell me why I'm wrong. The Massachusetts law is, I think, very ambiguous about whether this filing requirement, timely, absolutely means it can't be a return at all for any purpose. It's ambiguous, one, because duly doesn't necessarily mean timely. Certainly, the rule about having to staple the check in a particular place on the form is not something that would render the thing not a return at all. As the amicus brief points out, there's a whole lot of Massachusetts law that indicates that a late return is nevertheless a return. And truth of the matter, that same thing is true in the federal tax law. So it seems to me we've got a conflict. It's easy to resolve that conflict. We're supposed to. The canons tell us you're supposed to read the entire section harmoniously. Secondly, the little 2i is very specific, whereas the filing requirement is general in the sense that it includes where you file it, a whole lot of other filing requirements. It's not just timely. In fact, if Massachusetts really wanted to say timely, it could have said timely file. So the specific over the general canon also applies, and also the superfluous canon applies. And that Supreme Court case, T.W.R. v. Andrews, I think it was, said that under your view and the fahy majority view, the application of little 2i is rendered at least insignificant. So it seems to me all of those canons work against your interpretation. So tell me where I'm wrong. So 11 U.S.C. 523a1b2, the little 2i, would not become superfluous. So first of all, it would still apply to return that our file under the safe harbor provision of 6020a. I understand those are very minute. Which I think is insignificant. All right. But the BAPCP in 2005 also amended 523a1b2 and expanded it to equivalent report and notices. So 523a1b2 is no longer applicable solely to returns, but it also applies to equivalent reports and notices, which have been considered to be amended returns or federal change for taxpayers that has to file in two states. And if there's a change in one state, then there will be a change in the first state. So actually 523a1b2 is applicable to more situations now than it was in the past. As to your issue of the Massachusetts definition of return, Massachusetts did not define return in response to the bankruptcy code. The bankruptcy code was amended to adopt this definition. And the definition is to look at the applicable non-bankruptcy law that here has to be Massachusetts tax law. It cannot be the BFS, because the BFS does not apply to Massachusetts. And you have to look what is the Massachusetts tax law as to return. So we do have a definition that includes the word duly. Opposition is that the word duly includes timeliness. This court has determined that duly also includes an issue of timeliness. Also, we have statutory provisions that require that a return be filed on a certain form, that it has to include certain information, and that it has to be filed by a certain date. So to read the applicable filing requirement to only include the form but not include the timeliness, it's impossible to reconcile those two provisions. Is it really impossible, though? Shouldn't we follow the lead of the Supreme Court in the ransom case in interpreting applicable in a way that makes sense in the context of the entire statute rather than in a very rote, formalistic way that doesn't take account of the entire statutory scheme? I think reading applicable filing requirement including timeliness does make sense, because you do have to look at the legislative history of BAPCP as to why it was adopted. BAPCP is a Bankruptcy Abuse Prevention Act, and many provisions were changed to make exception to discharge more... to expand the exceptions to discharge. So, for instance, student loans are no longer dischargeable unless you prove undue hardship, and certain amended returns are no longer dischargeable unless they are filed more than two years. So to read the definition of return in the strict manner as we're proposing is adhering to the spirit of the BAPCPA. The BAPCPA was trying to address some abuses. One of those abuse was to... was taxpayers filing returns all at once, then waiting for the two years, and then declaring for bankruptcy. If you look at the legislative history of the BAPCPA, it says the purpose of this bill is to improve bankruptcy law and practice by restoring personal responsibility and integrity in the bankruptcy system and requiring taxpayer debtors to file their return on times to be able to discharge a liability that is related to that return, goes with the spirit of the BAPCPA. Do you disagree, then, with the amicus that an important reason for this provision was to deal with the differing court decisions on whether 6020A versus 6020B returns might qualify? Yes, I do disagree. The reason why the bankruptcy code defines 6020A versus 6020B, if you look at the statute, it's very unclear. You have 6020A, which is preparation of return by secretary, and 6020B, which is execution of return by secretary. So the statute is very unclear in itself. I think the bankruptcy code was trying to clarify it by giving a safe harbor provision under 6020A, but not under 6020B. Thank you. May it please the court. My name is Robert Meyer. I'm here representing Mr. Sheck, and to my right is Mr. Patel, the amicus brief writer. I will handle the first five minutes, and he'll handle the remaining ten minutes of this presentation. I basically just want to deliver your attention to the background of how we got here. We're really here for justice, and I say that kind of tongue-in-cheek. It's because of a case called Justice. That case was entered in 2015. This adversary underlying all this was 2016, relying on justice. The opinion was entered in 2017, and here we are in 2019. At the present moment, all the bankruptcy court cases existing that have not been reversed are finding in favor of my client. That's the Sheck case. The one that they've recited once has been reversed, and Johnson has been reversed. Johnson's a district court case finding in my client's favor. And again, of course, the Sheck case in the district court finds in my client's favor. That's where we stand here today. They say to you that we do not need to follow justice, and we were arguing either stare decisis or do follow justice, and that's been the argument from day one. They tell you that they don't need to because we are a state court and they are a federal court, all these other decisions. And if you looked at a district court opinion, they basically said that's a distinction without a difference. That's the easy way of handling that issue. The alternative is to go into the definitional review. That is, what does the word duly mean? And we put that in our briefs, showing you that you either look at the Merriam definition, which is a disjunctive definition where it uses the word or, and my client met the first portion, meaning he'd follow the manner of filing a return. Or you look to the Black's Law Dictionary definition, which has no timely component. There's nothing temporal about it. So my client has met either Black's or even their own definition. So we believe that their concept of duly is totally inappropriate in trying to saying it is synonymous with the word timely. They further say, look at our particular statute, and it says you have to file by the 15th. And we pointed out it's not well written. The term was made by the 15th day. Literally, that's the word they use, made. They say, well, we interchangeably use the word made with the word filed. No, they don't. If you look at their appendix, they attached Section 6B of 62C of their code, and it says filed. That's for partnership returns by the 15th day of the third month. If you look at the next section, Section 7, it says filed for those who file executor returns. The state of Massachusetts knows when to file a return and when to use the word filed. For some reason, I can't explain it, but for individuals, they use the word made. As I pointed out in my brief, that can mean just meeting with an accountant or with yourself and preparing a return. But the bottom line is everyone understands this return was, in turn, filed. Whether it was late or not does not make a difference as to whether it's a return in quotes. We're just talking about one return from your client. One return. But what they've argued is when it's late, it's not a return. It's a non-return is really what they're saying, and there's no such argument to that effect because once that document is filed, late or otherwise, it triggers a bunch of events. It creates the assessment. It creates the statute of limitations. It creates the accounting for the internal processors of the taxing authority. So that return has a great significance, whether it's filed timely or otherwise. That return is a return, whether filed timely or late. They further went on to say that Fahy has never been briefed in this jurisdiction. I did read the Justice file. Fahy was used in all three briefs filed in the Justice. Justice then went on in pages 743 to 744 and had a great explanation why it wasn't going to follow Fahy, but it used that word arguendo in italics amongst it. So that was an arguendo argument that was being used. That's really not the law. I wrote Justice, and I did not intend to decide this case. Thank you. And then on top of that, your footnote 8 was not arguendo. Your footnote 8 specifically said you were not going to follow the per se rule, and for that reason we say that was an error in that description of the Justice decision. And so, in effect, I agree with Justice Anderson. I find that the reading of Fahy or otherwise is basically a constitutional wrecking ball on 523A2B Romanet 2. I call it little I Romanet 2. So we read it as being a resulting absurd result created by this conflict between the hanging paragraph and Romanet 2, and we asked the court, look more closely to the Johnson opinion that Judge Bloom gave on the Southern District of Florida. She shows you exactly how absurd it becomes, as Judge Anderson was mentioning earlier today, and effectively, let's put an end to this once and for all that we don't have the courts continuing this wrong path. Thank you. Thank you very much. May it please the court. I would like to thank this court for granting permission for me to participate in oral argument. This is the first chance an amicus has had to weigh on this issue that has been hit several courts before, and I appear here pro bono publico as a bankruptcy expert. I would like the court to also know my position is shared by the American Bankruptcy Institute, which is a blue-ribbon commission of debtors and creditors' lawyers. My position is shared by the Internal Revenue Service, which is no shrinking violet when it comes to interpreting the tax laws. There are many people who are worried about what they perceive as misreadings of this statute, and so I'm grateful for the time to appear here. I would also like to say to Judge Anderson, I read the justice opinion as you read it, and would accord you Chevron deference in interpreting that opinion. I think it's a fair assessment, but we reached the matter today. I don't think Chevron deference applies. Fair enough, sir. If I held something that I didn't intend to hold, I made a mistake. Of course, of course, of course. And I would like to say one thing, too, which is not particularly well-briefed, which is if this court affirms, it will be creating a circuit split, and different courts of appeals have different comfort levels of circuit splits, and I just wanted to suggest that the Ninth Circuit in the In re Smith case that came out a couple of years ago has indirectly affirmed, has indirectly rejected the one-day-late-stabled-return, whatever you want to call the rule, has rejected this reading in affirming the continued vitality of its version of the Beard Test. It's called Hatton, and the Ninth Circuit's case, In re Smith. I'd like to respond, if I could, quickly to... In re Smith. I'd like to respond, if I could, to a couple of points brought up by my friend. The first is I absolutely agree that reading applicable in the way the Supreme Court is the way that we would suggest interpretation of that rule, and in my brief, I suggest applicable should mean relevant to the question at hand, and this is a definitional clause, so applicable non-bankruptcy law would be law pertaining to definitions, and filing requirements would be filing requirements pertaining to the definitional issue, and I believe the problem with little 2i, as it's been referred to, is that it's not just in contravention of the TRW case, but also the Uriam case from this court that says you have to keep the structure of a statute preserved, and that was a Florida state with a tripartite structure, and the evisceration of little 2i to being a minuscule number of cases in the IRS's determination is just the tip of the iceberg, because as my friend trumpets in their brief, some states, like Massachusetts, don't even have 6028 provisions, which makes it doubly infinitesimally small of when little 2i could still apply. Now, I heard a new argument presented today, I'm not sure this is in their brief, that maybe little 2i has a more expansive scope now due to some of the later content in the hanging paragraph that says it doesn't just apply to tax returns, it applies to stipulated judgments and orders as well. My first reaction to this new argument is that I'm not sure that those stipulated judgments and whatever the terminology that Congress uses would not previously be covered by the Beard test, so I'm not sure that's actually breaking any new ground. And my second reaction to that is that any infinitesimal increase that we have would still be microscopically small, and we cannot escape the unavoidable reality that reading applicable to mean all law, all filing requirements, does violence to the existence of that late-filed return provision. What's your response to counsel's argument that this provision was put in place to stop fraud and abuse of people who would file a number of returns at one time, wait two years, and then file for bankruptcy? So let's start with what the Supreme Court says. The Supreme Court says we have to interpret the Bankruptcy Code strictly in favor of discharge. Literally, they're asking for exceptional treatment that all the other creditors don't get. They're asking for special treatment, and the Supreme Court says we interpret it strictly. Now, the suggestion is, did the BAP CPA, which was an anti-abuse provision, did that in any way change the Supreme Court's orientation to how to interpret the Bankruptcy Code? And the answer is no. The principle of strict interpretation in favor of the debtor has been reaffirmed by the Supreme Court since BAP CPA. And another important Supreme Court interpretive rule of the Bankruptcy Code, also reaffirmed since BAP CPA, is we should not construe the code in a manner that affects massive changes to precode practices. So if you're wrestling with language that's giving you some difficulty in the Bankruptcy Code, do not presume a massive change. Taking 99% of late-filing returns and declaring them no-longer returns would be a massive change. It's a massive change with no indicia of congressional intent and, in fact, is contravened by the only indicia of congressional intent we have. We literally have one paragraph of the legislative history that speaks exclusively to 6020As and 6020Bs, as Judge Grant brought up. And so it is counterintuitive, to say the least, that we have two choices. One is Congress told us that it's focusing on 6020A and 6020B, and then it drafted a hanging paragraph that speaks to 6020A and 6020B. Occam's razor suggests that's what Congress did. The other interpretation is that they fixed 6020A and 6020B and then, without mentioning it in the legislative history, did this massive reallocation of all the late-filing tax returns into the non-returns, and that would be a massive change. I don't see how you get that the reference to 6020A in the hanging paragraph eliminates the language, though, which is inconsistent with little 2i if you interpret filing requirement to include timely filing. Oh, the problem with interpreting a timely filing requirement is, one, it takes the definition of applicable that we think we would not suggest, and it would take the definition of applicable that would be contrary to the debtor's discharge in violation of one Supreme Court instruction. It would take the definition of applicable that would be in tension with its ordinary meaning because it would make us come to the... The word used in their brief is counterintuitive conclusion that a tax return is not a return when it's late, and the Supreme Court, under its Bond case, says consider the ordinary meaning when you have a definitional fight. The ordinary meaning of applicable to me means that rules that relate to filing. Sure, so... Certainly timeliness is one of those rules. Well, we have to read applicable in the context of the parenthetical phrase, which is applicable non-bankruptcy law, which is a definitional phrase. So the applicable requirements would be ones that are defining what a tax return is. We gave a perfect example in the brief of a Massachusetts regulation that is captioned literally requirements of a properly filed return. That would be, we concede, an example of an applicable filing requirements, requirements of a properly filed return. No mention in that whatsoever of timing. Timing is dealt with separately in Massachusetts. But what is that regulation, I forget. That regulation appears on page 15 of our brief, and it's also in the statutory addendum that Massachusetts itself has filed. I could give you the citation, but it's rather long. And so there's a suggestion. So our proposed test that you should use for applicable, interpreting it with ransoms, requirement that it means suitable, fit, or relevant. In the context of a definitional clause of a statute, what is the definition of a tax return? Applicable should mean anything that specifies the definitional content, such as that Massachusetts regulation. Under your argument, you don't have to get to the conflict that was worrying me at all. I don't think so, no. I think under the proper definition of applicable... So this is just a textual matter for me. If you read the text properly, you don't get into the mess. Even if you're wrong on that, applicable certainly introduces some ambiguity. That is correct. I would respectfully suggest to the Court, I have the best reading, but at the very least, I would hope that my reading is not implausible, such that you at least have an ambiguity, in which case all these canons of the Supreme Court of in favor to the debtor don't have a massive change. Well, and you're specific over general also. Correct. There is no shortage of interpretive canons that compel affirmance of the District Court, if you can see that. There is also concern, I would say, about the policy incentives, in case the Court wants to figure out, which is maybe why so many people are concerned about this misreading of the statute. And that is, if I took that opinion seriously, that only a 6028 is the sole permissible late return that could be filed. We have a bizarre incentive attributed to the Congress, which is, if you imagine a situation with a taxpayer who discovers in her car the return and she forgot to file and it's April the 17th, and said, oh, I should file this right away because I filed it a day late. They should be advised by a well-thinking attorney, for heaven's sakes, don't file that tax return. Because if you file that tax return, that will never allow you a bankruptcy discharge if, God forbid, you need to go to bankruptcy three years from now. But if you hide from the IRS and don't pay your taxes and don't file your taxes, you roll the dice, and there's a chance they'll give you a 6028, and if they give you a 6028, you get to discharge those debts. And if you don't, you get a 6020-B, and if you get a 6020-B, you're no worse off than you were under their interpretation of the statute. So why not hide, don't file your returns, maybe you'll get the 6020-A wild card. That cannot be the intent of the Congress in drafting this statute. That is why the IRS probably opposes this interpretation. Amicus would respectfully ask for an affirmance of the District Court. I'd like to ask one more question. Yes, please, Judge. How did the Fifth Circuit in McCoy and the Tenth Circuit in Milo and the First Circuit majority in Fahey, how did they get off on such a wrong foot? Well, there's a simple answer to that and a longer answer. The simple answer is litigating the interpretation of applicable has not happened in any of those cases, which is why I believe the textual solution of interpreting the word applicable properly makes all these problems go away. I went through all the briefs and all the arguments. That was never argued in any of those cases. I saw the McCoy case didn't even address the inconsistency that bothers me, but the First Circuit certainly did, and I think the Tenth Circuit did also. Yes, and neither the Tenth Circuit nor the First Circuit goes through applicable. And the concern is with the broader interpretation of applicable, there's no escaping the problem of the black ink or the stapled return or the one day late. It has terribly mischievous consequences with the broad definition of applicable. Thank you very much, Your Honors. Judge Kimball from the Southern District of Florida noted that it has been argued that the phrase applicable filing requirements in the definition of return in Subsection 523A is intended to encompass provisions relating to the form of the return and the requirements that it be filed, but that this phrase does not cover the timeliness of the filing, other than a desire to avoid the possibility of harsh results of accepting from discharge a tax debt for which a return was filed only slightly late, there is nothing in the statute that leads one to this torture of construction. And it's impossible, because it's impossible to look at the statute and saying that the form where the return has to be filed is an applicable filing requirement, but the statute that says a return must be filed by April 15th is not an applicable filing requirement. Then why include the word applicable? Why not just say filing requirements or all filing requirements? What are we to make of applicable essentially being read out of the statute in your interpretation? Well, maybe also to exclude certain requirements such as using blue ink versus black ink or whether the return should be stapled instead of having a paper clip. What's the substantive difference between that type of requirement and the type of requirement that you're arguing here really must be included as an applicable requirement? So I think applicable filing requirements would include statutory requirements, regulatory requirements, but just instructions relating to how a return should be filed are different than applicable filing requirements. But applicable filing requirements are really the requirements that you would find in the statute and in the regulation, which here you find that under Massachusetts tax law there is a requirement that the return be filed by April 15th. But aren't some of the requirements that you mentioned like stapling or ink color also in state and local regulations? They're not in the regulation. They would be into instructions attached to the return, but they are not in, at least in Massachusetts, they are not in the regulation. So would it matter if, let's say, I'll take you at your word that that's not in the Massachusetts regulation, but let's say that that was in the Alabama regulation, would your view be that if the rule is blue ink in Massachusetts, but that's just an instruction, but the rule in Alabama is blue ink and that's in actually the state regulation, that there would be different treatment of the blue ink problem between those two states? I think so, because I think applicable filing requirements would encompass the requirements that are found in the statute, and that's where the regulation would be. We would ask that the decision be made at the time of the meeting. Thank you. Thank you. We'll be in recess until tomorrow morning. Thank you. Bye-bye. Bye-bye.